FILED
2012 Mar-12 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WOTM TV-19, INC.; JAMES D. EARLEY; JAMES D. EARLEY, JR.; JOSEPH V. EARLEY,**<br><br>**Defendants.** | ) | **CASE NO. 2:10-CV-3337-SLB** |
| **JAMES D. EARLEY; JAMES D. EARLEY, JR.; JOSEPH V. EARLEY,**<br><br>**Counterclaimants,**<br><br>**vs.**<br><br>**WELLS FARGO BANK, N.A.,**<br><br>**Counter Defendant.** | ) | |
| **JAMES D. EARLEY; JAMES D. EARLEY, JR.; JOSEPH V. EARLEY,**<br><br>**Third-Party Plaintiffs,**<br><br>**vs.**<br><br>**WOTM, LLC; VENTURE TELEVISION, LLC; MICHAEL A. PLAIA,**<br><br>**Third-Party Defendants.** | ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on plaintiff/counter defendant's Motion to Dismiss Counterclaims. (Doc. 21)[1] Defendants/counterclaimants, James D. Earley, James D. Earley, Jr., and Joseph V. Earley, filed a Counterclaim against plaintiff/counter defendant, Wells Fargo Bank, alleging a claim for fraudulent suppression/misrepresentation. (Doc. 20 at 11-13.) Despite an opportunity to do so, (*see* docs. 22, 25), counterclaimants have not filed any opposition to plaintiff's Motion. For the reasons set forth below, counter defendant's Motion to Dismiss the Counterclaim, (doc. 21), is due to be granted.

**I. MOTION TO DISMISS STANDARD**

Counter defendant has moved to dismiss the Counterclaim on the ground that such claim is barred by the statute of limitations, the claim is barred by the Alabama statute of frauds, and the counterclaimants have failed to state a claim upon which relief can be granted.

The purpose of a motion to dismiss, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). When addressing a 12(b)(6) motion to dismiss, the court accepts the allegations in

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288). To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))(internal quotations omitted). Also, the court does not assume that plaintiff can prove facts he has not alleged or that defendant has violated the law in ways that have not been alleged. *Id*. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations, brackets, and internal quotation marks omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct

or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

"If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Ouezada*, 582 F.3d 1260, 1263 (11th Cir. 2009), *quoted in Brake v. Wells Fargo Financial System Florida, Inc.*, No. 8:10-CV-338-T-33TGW, 2011 WL 6719215, *7 (M.D. Fla. Dec. 5, 2011). "In particular, courts have dismissed claims on statute of frauds grounds pursuant to Rule 12(b)(6), F. R. Civ. P. *Brake*, 2011 WL 3719215 at *7 (citing *Bowen v. Wells Fargo Bank*, No. 2:11-cv-91-FtM-29SPC, 2011 WL 3627320 (M.D. Fla. Aug. 17, 2011); *Locke v. Wells Fargo Home Mortgage*, No. 10-60286-Civ, 2010 WL 4941456 (S.D. Fla. Nov. 30, 2010); *Dixon v. Countrywide Financial Corp.*, 664 F. Supp. 2d 1304 (S.D. Fla. 2009)). Also, "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred. *Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment CSX Transp. Northern Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008)(quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005))(internal quotations omitted).

## II. COUNTERCLAIM FACTS

Counterclaimants alleged the following facts, which the court assumes are true, in the Counterclaim:

> 8. WOTM TV-19, Inc., (hereinafter "WOTM TV-19") was a corporate entity whose shares were owned by James D. Earley, James D. Earley, Jr., and Joseph V. Earley.
>
> 9. Defendant Plaia[2] approached James D. Earley and expressed an interest in purchasing WOTM TV-19 and a purchase price/arrangement was reached with the shareholders of WOTM TV-19 around October 2004.
>
> 10. Defendants Venture TV and Plaia made the following representations to James D. Earley, James D. Earley, Jr., and Joseph V. Earley to induce them to release their interest as explained hereinafter to the assets of WOTM TV-19, Inc.; and said representations were relied and or acted upon by the Earleys to their detriment:
>
> a. Defendants Venture TV and Plaia would form an LLC to be known as WOTM, LLC, and said entity would be owned 75/25 by Venture TV (Plaia's company) and James D. Earley, respectfully;
>
> b. $300,000 would be paid to WOTM TV-19 in October 2004;
> c. $300,000 would be paid to WOTM TV-19 in October 2005; and
>
> d. Plaia, through either himself or Venture TV, would assume/have transferred to him a loan that was in the name of James D. Earley, James D. Earley, Jr., and Joseph V. Earley with Wachovia Bank (now Wells Fargo) with an approximate balance of $300,000.00, prior to the transfer of the FCC license related to the television station. This loan is the loan that is the subject of this initiation of this litigation against James D. Earley, James D. Earley, Jr., and Joseph V. Earley.

---

[2]Counterclaimants also included third-party claims against third-party defendants, WOTM, LLC, Venture Television, and Michael Plaia. The court notes that the third-party defendants have not been served.

11. Defendants Venture TV and Plaia represented to James D. Earley, James D. Earley, Jr., and Joseph V. Earley that the loan with Wachovia/Wells Fargo had been assumed by WOTM, LLC, and that all payments were timely made up an through the time that James D. Earley, James D. Earley, Jr., and Joseph V. Earley, in reliance upon these representations, conveyed their individual interest and the interest of WOTM TV-19 in the FCC license that was transferred.

12. Under the terms of the contract/agreement reached between WOTM, LLC, through Plaia with James D. Earley, James D. Earley, Jr., and Joseph V. Earley, the following conditions would be the consideration given by WOTM, LLC according to the terms of the contract:

a. $300,000 would be paid by WOTM, LLC, to WOTM TV-19 in October 2004;

b. $300,000 would be paid by WOTM, LLC, to WOTM TV-19 in October 2005; and

c. WOTM, LLC, would assume/have transferred to it a loan that was in the name of James D. Earley, James D. Earley, Jr., and Joseph V. Earley with Wachovia Bank (now Wells Fargo) an approximate balance of $300,000 prior to the transfer of the FCC license related to the television station. This loan is the loan that is the subject of this initiation of this litigation against James D. Earley, James D. Earley, Jr., and Joseph V. Earley.

d. WOTM, LLC, would timely pay all payments and pay the full balance of the aforementioned loan.

13. James D. Earley banked with Wachovia/Wells Fargo and in fact had taken out the loan that is the subject litigation with Wachovia/Wells Fargo to finance certain business ventures, e.g. WOTM TV-19, and in doing so, had developed a working relationship with certain loan officers with Wachovia/Wells Fargo, namely, Celeste Jones and David Patton.

14. That James D. Earley, individually and on behalf of James D. Earley, Jr. and Joseph V. Earley, called Celeste Jones and David Patton and spoke to them from time to time concerning the transfer/assumption of this obligation by WOTM, LLC, with Plaia and Venture TV serving as possible obligors to the loan as well. James D. Earley explained that the assumption of

the loan was part of the consideration that he, James D. Earley, and Jr. Joseph V. Earley were receiving for the transfer of their shares of WOTM TV-19 and the FCC license associated with the station.

15. In 2005, James D. Earley called Wachovia/Wells Fargo and spoke with Celeste Jones to confirm that Plaia/Venture TV had made arrangements with Wells Fargo to, and had already assumed the loan and obligation of the loan that was at Wachovia/Wells Fargo, and was told by Celeste Jones, who was working under the supervision of David Patton, that the "Venture people and Michael Plaia are as good as gold," that they had assumed the loan, and for him to "go ahead with the closing" (the transfer of the FCC license).

16. Celeste Jones was an agent in fact and an agent in law of Wachovia/Wells Fargo at the time said representation was made and further knew or should have known that that James D. Earley, James D. Earley, Jr., and Joseph V. Earley would be relying on her representations in the forming of their decision as to whether or not to transfer the assets of WOTM TV-19 and the FCC license or not to make such a transfer or conveyance.

17. David Patton Jones was an agent in fact and an agent in law of Wachovia/Wells Fargo at the time said representation was made and further knew or should have known that that James D. Earley, James D. Earley, Jr., and Joseph V. Earley would be relying on her representations in the forming of their decision as to whether or not to transfer the assets of WOTM TV-19 and the FCC license or not to make such a transfer or conveyance.

18. Following the conversation with Celeste Jones, James D. Earley, James D. Earley, Jr., and Joseph V. Earley released their ownership and the ownership of WOTM TV-19 and its assets and the FCC license to WOTM, LLC, and all other assets of WOTM TV-19, Inc.

19. WOTM, LLC, thereafter paid all payments, interest and principal, concerning the loan with Wells Fargo.

(Doc. 20 ¶¶ 8-19.)

Counterclaimants allege that Jones's statements to James D. Earley, confirming Plaia and Venture Television had assumed the loan, was a fraudulent misrepresentation upon

which the counterclaimants had relied to their detriment. (*Id.* ¶ 34.) The Counterclaim does not allege that counter defendant took any action to conceal the fraud or the circumstances, if any, that prevented counterclaimants from discovering the fraud; they do not allege the date they discovered that WOTM, LLC, had not assumed the loan.

## III. DISCUSSION

The statute of limitations for a claim of fraudulent misrepresentation in Alabama is two years. *Boyce v. Cassese*, 941 So. 2d 932, 943 (Ala. 2006)(citing Ala. Code § 6-2-38(*l*); *Ex parte Seabol*, 782 So. 2d 212, 216 (Ala. 2000)); *Ishler v. C.I.R.*, 442 F. Supp. 2d 1189, 1211 (N.D. Ala. 2006). However, "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3. "When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the [plaintiff] must also show that he or she falls within the savings clause of § 6–2–3." *DGB, LLC v. Hinds*, 55 So. 3d 218, 225-26 (Ala. 2010)(quoting *Miller v. Mobile County Bd. of Health*, 409 So. 2d 420, 422 (Ala.1981)). The Alabama Supreme Court "has held that to show that a plaintiff's claims fall within the savings clause of § 6-2-3 a complaint must allege [1] ***the time and circumstances of the discovery of the cause of action***," "[2] ***the facts or circumstances by which the defendants concealed the cause of action or injury*** and [3] ***what prevented the plaintiff from discovering the facts surrounding the injury***." *Id*. at 226 (Ala. 2010)(citing

*Smith v. National Sec. Ins. Co.*, 860 So. 2d 343, 345, 347 (Ala. 2003); *Lowe v. East End Mem'l Hosp. & Health Ctrs.*, 477 So. 2d 339, 341-42 (Ala. 1985); *Angell v. Shannon*, 455 So. 2d 823, 823-24 (Ala. 1984); *Miller*, 409 So. 2d at 422; *Amason v. First State Bank of Lineville*, 369 So. 2d 547 (Ala. 1979); *Papastefan v. B & L Constr. Co.*, 356 So. 2d 158, 160 (Ala. 1978))(emphasis added).

Counterclaimants allege that, in 2005 – well over two years before they filed the Counterclaim, Celeste Jones, counter defendant's employee, told James D. Earley that Plaia and/or Venture Television had assumed the loan at issue. The face of the Counterclaim shows that it is time barred and nothing in the Counterclaim indicates that the savings clause, Ala. Code § 6-2-3, applies. The Counterclaim does not contain any allegations concerning when counterclaimants discovered that Jones had misrepresented Plaia and/or Venture Television's assumption of the loan or what prevented them from discovering that fact sooner, and it does not allege that counter defendant took any action to conceal the misrepresentation. Counterclaimants have not offered any evidence or argument to the contrary. The court finds that the face of the Counterclaim shows the claim is time-barred and does not fall within the savings clause.

Therefore, the court finds that the Motion to Dismiss the Counterclaim, (doc. 21), is due to be granted. Because the court finds that the Counterclaim is due to be dismissed because it is time-barred, it pretermits discussion of counter defendant's other grounds for dismissal of the Counterclaim.

**CONCLUSION**

For the foregoing reason, the court is of the opinion that the Counterclaim is due to be dismissed. An Order granting plaintiff/counter defendant's Motion to Dismiss, (doc. 21), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 12th day of March, 2012.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE